FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 01, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD J. TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>    Defendant. | No. 4:16-CV-5023-SMJ<br><br>**ORDER GRANTING UNITED STATES' MOTION TO DISMISS AND CLOSING FILE** |

  On July 28, 2016, the Court held oral argument on Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 6. This Order memorializes and supplements the Court's oral ruling.

  Plaintiff Donald J. Taylor is a former IRS agent that now prepares tax returns in private practice. ECF No. 1 at 2. In October of 2014, the IRS assessed substantial penalties against Taylor under 26 U.S.C. 6694(b) for understating his clients' tax liabilities. ECF No. 6 at 2-4. On November 18, 2014, Taylor paid an amount equal to 15% of these penalties to the IRS. ECF No. 6 at 4. Three days later, on November 21, 2014, the IRS received Taylor's claim seeking refund of the amount paid. ECF No. 6 at 4. On January 29, 2016, the IRS denied his refund request. ECF No. 1-1. Taylor filed suit in this Court on February 25, 2016. ECF No. 1.

ORDER **-** 1

The United States argues that dismissal is required because the Court lacks subject matter jurisdiction over the claim since Taylor failed to pay the entire assessed penalty and also failed to timely file suit in district court after filing his refund claim with the IRS. Taylor opposes dismissal on the ground that section 6694(c) is not jurisdictional.

The general rule—often referred to as the "full pay rule"—is that district courts lack subject matter jurisdiction over a claim for refund of penalties not fully paid. *Flora v. U.S.*, 362 U.S. 145, 177 (1960). *Flora*, 362 U.S. at 177; *King v. U.S.*, 949 F.Supp. 787, 789 (E.D. Wash. 1996). But under 26 U.S.C. § 6694(c), a taxpayer can pay 15% of the penalty, file a refund claim with the IRS, and file suit in district court within the earlier of (1) 30 days of the IRS denial or (2) 6 months of filing the refund claim. The Ninth Circuit has not explicitly concluded that 26 U.S.C. § 6694(c) is an exception to the full pay rule, but it has so found when considering the identically worded 26 U.S.C. § 6703(c). *See Thomas v. United States*, 744 F.2d 728, 729-30 (9th Cir. 1985) ("26 U.S.C. § 6703(c) provides an exception to the "full payment rule" of Flora").

The IRS received Taylor's claim for refund on November 21, 2014. ECF No. 6 at 4. The IRS denied his claim on January 29, 2016. ECF No. 1-1. Under 26 U.S.C. § 6694(c), Taylor had to file suit in district court by no later than June 20, 2015— six months and thirty days after he filed his claim with the IRS. Taylor did not file

suit until February 25, 2016. Taylor failed to meet the third element of the section 6694 exception. Accordingly, the exception does not apply and the full pay rule controls. Taylor has not fully paid, so under *Flora* the Court lacks subject matter jurisdiction over the suit.

Taylor argues that 26 U.S.C. § 6694(c) is a statute that extends the period of collection where the taxpayer pays 15% of the penalty, and has nothing to do with jurisdiction. In support, Taylor notes that the title of section 6694(c) is "Extension of period of collection where preparer pays 15 percent of liability". As an initial matter, the Court notes that the title of a statute is not legally operative. But even if it were, this argument is defeated by *Thomas*. 26 U.S.C. § 6703(c) carries the same title, but the Ninth Circuit concluded that it is jurisdictional. *Thomas*, 744 F.2d at 729-30.

At oral argument, Taylor argued for the first time that alternatively, by paying 15% of the total penalties assessed against him, he fully paid several of the individual $5,000 penalties so he satisfied the full pay rule. The Court declines to address this new argument.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, **ECF No. 6**, is **GRANTED**.

2. Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 1st day of August 2016.

*[signature]*
SALVADOR MENDOZA, JR.
United States District Judge